LAW LIBRARY

FILED
SUPERIOR COURT

IN THE SUPERIOR COURT OF GUAM

2012 *** 1_ 11:33

CLERK OF COURT

PEOPLE OF GUAM, )
) CRIMINAL CASE NO. CF702-10
) **DECISION AND ORDER**
vs. ) (Motion to Dismiss)
)
JAMES STEVEN ESPINOSA, )
)
Defendant.)

The matter came before the HONORABLE ELIZABETH BARRETT-ANDERSON on January 27, 2012 for Defendant's Motions to Dismiss (hereinafter referred to as "Motion"). Defendant was not present, but was represented by Attorney Peter J. Sablan. People were represented by Assistant Attorney General James C. Collins. The Court having considered all the oral arguments, briefs, and materials filed herein now renders the following decision.

Guam's Supreme Court held[1]: "that unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." *People v. Rasauo*, 2011 Guam 14 ¶ 16. Defendant argues that pursuant to *People v. Rasauo*, 2011 Guam 14 (hereinafter referred to as *Rasauo II*"), this case should be dismissed with prejudice because Defendant was not arraigned within sixty (60) days after the Indictment[2] was filed. *See also* 8 GCA § 60.10. People argue that the Court should find good cause exists for the delay, and therefore, the dismissal would be inappropriate. As required by *Rasauo II*, this Court will review the specific facts in this case to determine whether or not there was good cause for the delay in arraigning Defendant beyond the sixty (60) days after the Indictment was filed. *Rasauo*, 2011 Guam 14 ¶¶ 10, 14.

On December 2, 2010, the Indictment was filed and a Summons was issued for an arraignment scheduled for December 15, 2010. On December 15, 2010, Magistrate Court recommended a Summons be re-issued, due to non-service return by the Marshalls. Defendant appeared on January 26, 2011, the date set by the re-issued Summons. After fifty-five (55) days

---

[1] This holding is hereinafter referred to as the "60 day rule."

had passed from the Indictment being filed, Defendant appeared and was appointed counsel at the January 26, 2011 hearing. In order to provide Defendant the opportunity to meet and confer with counsel, the arraignment was continued until March 2, 2011. Defendant did not appear at the March 2, 2011 arraignment, thus it was again continued until March 9, 2011. Defendant was finally arraigned on March 9, 2011, which is more than sixty (60) days after the Indictment was filed.

The time between the Indictment and the first appearance on January 26, 2011 does not violate the 60 day rule announced in *Rasauo II*. However, the Court must determine if the time between January 26, 2011 and March 9, 2011 constitutes good cause or if this case must be dismissed for the 60 day rule violation. In particular, the Court must review what days, if any, after January 31, 2011[3] constitute "good cause" under *Rasauo II*.

The Court finds that the any delay caused by a defendant's failure to appear at an arraignment that has been properly noticed[4] is good cause. Therefore, the delay of arraignment from March 2, 2011 to March 9, 2011 caused by Defendant's failure to appear is good cause for purposes of the 60 day rule. *People v. Flores*, 2009 Guam 22 ¶ 32 (citing *People v. Johnson*, 606 P.2d 738, 746 (Cal.1980)).

The more difficult task this Court is confronted with is deciding if the delay between January 26, 2011 and March 2, 2011 amounts to good cause for purposes of the 60 day rule. More specifically, the Court must determine if the time the Court allows a defendant to meet and confer with counsel prior to being arraigned is reasonable and constitutes good cause.

Title 8 Guam Code Annotated section 45.30(c) provides that the Court shall allow reasonable time to a defendant to meet and confer with counsel prior to being arraigned. Meeting with and discussing this with counsel allows a defendant to understand the significance of the arraignment process as well as the defendant's rights, which are asserted or waived at

---

[2]Pursuant to 8 GCA § 60.10(a), the holding in *Rasauo II* applies equally to offenses charged by Indictment and Complaints. *See e.g. People v. Stephen*, 2009 Guam 8 ¶ 12.

[3] The sixtieth day falls on Sunday, January 30, 2011; thus pursuant to 8 GCA § 1.25(a) the end of the 60 day rule is January 31, 2011.

arraignment. *Hamilton v. Alabama*, 368 U.S. 52 (1961). It is critical for a defendant to have this understanding at time of arraignment. *See e.g. Huston v. Com.*, 171 S.W.3d 743, 744-45 (Ky. Ct. App. 2005). Further, the concerns of Guam's Supreme Court in *People v. Rasauo*, 2011 Guam 1, are not present when a defendant is appointed counsel and the delay between the Indictment and the arraignment is partially attributed to the time necessary for a defendant to meet and confer with his appointed attorney. 2011 Guam 1 ¶ 53(quoted by *Rasauo*, 2011 Guam 14 ¶ 10).

The Office of the Attorney General has argued in several cases that *"any* delay of arraignment occasioned by a continuance granted by the magistrate court should be excused for good cause." People's Opp'n to Mot. to Dismiss, p 5 (Jan. 25, 2012)(emphasis in original). The Court disagrees that a bright line rule of any delay caused by a court's calendaring of a criminal matter is automatically good cause under the 60 day rule. Guam's Supreme Court makes it clear that it intended the court and its officers to be subject to the prompt arraignment rule put forth in *Rasauo II. Rasauo*, 2011 Guam 14 ¶ 12; 8 GCA § 80.50(a)("It shall be the duty of all courts and judicial officers … to expedite such proceedings to the greatest degree that is consistent with the ends of justice"). *See also People v. Ilemelong*, CF150-10 (Super. Ct. Guam Jan. 13, 2012). Further, the Court rejects the contention that any length of delays caused by the time provided to a defendant to meet and confer with an attorney is automatically good cause. The Court finds that a reasonable amount of delay attributed to the time a defendant needs to meet and confer with an attorney is good cause for purposes of the 60 day rule. *Cf. Flores*, 2009 Guam 22 ¶ 38.

The Public Defender Service Corporation argued in some of the numerous motions to dismiss in front of this Court that are based on *Rasauo II.*, but not all, that a reasonable amount of time for a defendant to meet and confer with an attorney prior to arraignment is no more than one (1) week. *See e.g.* Decl. of PDSC Investigator Sea Aguon Cruz, CM538-11 (Dec. 20, 2011); Decl. of PDSC Investigator Sea Aguon Cruz, CM285-11 (Jan. 27, 2012). In this case, Defendant's Motion did not address if any delay attributed to time for the Defendant to meet

---

[4] Proper notice includes any of the following circumstances: (i) notice provided by a properly served summons, (ii) notice to appear is provided to a defendant, or (iii) notification that occurs when a defendant is present and hears the court determine the date and time of the continued arraignment.

and confer with counsel is good cause[5]. Instead, Defendant's Motion argues that no good cause exists for the violation of the 60 day rule in this case.

The Court finds that thirty-six (36) days[6] is an excessive amount of time for a court to provide a defendant to meet and confer with his attorney prior to being arraigned. Since the onus is on all judicial officers and the prosecuting attorneys to ensure that a defendant is promptly arraigned, the Court holds that reasonable time, in the context of a continued arraignment after a defendant is appointed counsel, means no more than thirty (30) days[7]. 8 GCA § 80.50(a). Thus, the delay in this case is per se unreasonable, hence this case should be dismissed for the violation of the 60 day rule.

The Court is persuaded by the People's argument[8] that the dismissal should be without prejudice. Guam's Supreme Court declined to hold that all violations of the 60 day rule requires a dismissal with prejudice. *Rasauo*, 2011 Guam 14 ¶ 16("The issue of whether or not the case should be dismissed with or without prejudice should be decided in the first instance by the trial court."). This is in contrast to other criminal cases Guam's Supreme Court has addressed, where the case was dismissed with prejudice based upon a finding that there was a statutory bar to re-prosecution of the defendants in those cases. *People v. Villapondo*, 1999 Guam 31; *People v. Palomo*, 1998 Guam 12. The People correctly assert that in this circumstance, there is not a statutory bar to re-prosecution, instead the 60 day rule is explicitly dependent on statutory interpretation. *Rasauo*, 2011 Guam 14 ¶ 13.

Therefore, the Court considers "a showing of prejudice or any other factors" to determine if dismissal with prejudice is appropriate. *Palomo*, 1998 Guam 12 n.8(quoted by *Villapondo*, 1999 Guam 31 ¶ 52). *Cf.* 18 U.S.C. § 3162(a)(2) (2010). Defendant does not make a showing of prejudice, rather argues that dismissal without prejudice renders the meaning of Rasauo meaningless if the People can re-Indict him. Therefore, as there is not a showing of

---

[5] This issue was raised orally, not in the written Motion.
[6] 36 days between January 26th and March 2nd.
[7] The Court encourages the arraignment judge to consider only granting continuances for a defendant to meet with appointed counsel of two (2) weeks or less in light of the *Rasauo II* decision; however, the Court accepts that up to thirty (30) days is reasonable.
[8] This issue was raised orally, not in the written opposition.

¶ 11. Therefore, as there is not a showing of prejudice, the Court will look at other factors used to determine if dismissal with prejudice is required here.

"Dismissal of an indictment is a disfavored remedy. ... Indictments are rarely dismissed for alleged government misconduct which occurs outside the indictment process because such misconduct must be "grossly shocking and so outrageous as to violate the universal sense of justice."" *People v. Marada*, 1995 WL 604365, *1 (D. Guam App. Div. Sep. 18, 1995)(internal citations omitted). *See also Stephens*, 2009 Guam 8 ¶ 21(discussing dismissal for unnecessary delay should occur "only in extreme circumstances"); *People v. Gutierrez*, 2005 Guam 19 ¶¶ 61-70(discussing dismissal based on finding the People acted in bad faith). In this case, there is no alleged government misconduct or bad faith on the part of the People[9]. Instead, there is a violation of the 60 day rule, which was recently announced in *Rasauo II*, which requires dismissal, but not necessarily dismissal with prejudice.

Additionally, dismissal with prejudice is sometimes used by Courts to send a strong message to prosecutors who have consistently violated defendants' rights and force them to reduce pretrial delays in general. *U.S. v. Perez*, 2011 WL 2294194, *3 (D. Ct. Guam Jun. 8, 2011). *Stephens*, 2009 Guam 8 ¶ 21("If a court is to apply the harsh rule of dismissing a criminal case with prejudice... it must either establish local rules ... or warn the prosecution that further delay could jeopardize the case."). However, the violation of a defendant's prompt arraignment right is not an issue this Court has been asked to address in relation to arraignments that occurred after *Rasauo II* was issued. Instead, this Court is merely addressing motions to dismiss based on delays that occurred before the 60 day rule was announced, leading this Court to believe that the People do not require a strong message from this Court to ensure that they are now respecting a defendant's right to prompt arraignment. This factor weighs in favor of dismissal without prejudice.

Further, in this circumstance, dismissal without prejudice can not be seen as condoning the People's behavior, because neither the People nor the Court were aware of the 60 day rule at

---

[9] All of the procedural facts of this case occurred before the promulgation of *Rasauo II*, therefore, there can be no finding that the People intentionally violated the 60 day rule.

the time of the delay of the Defendant's prompt arraignment. *Id.* This factor weighs in favor of dismissal without prejudice.

In this scenario, Defendant's constitutional rights are not implicated, thus the Court should weigh the violation of Defendant's right to a prompt arraignment with the competing interest "of society to be secure from crime through the regular enforcement of the criminal laws." *Gutierrez*, 2005 Guam 19 ¶ 68(internal citation and quotation omitted). Upon balancing these factors as well as taking into consideration of lack of showing of prejudice the Court determines that dismissal without prejudice is most appropriate.

There are ninety-eight (98) days between the filing of the Indictment and Defendant's arraignment. The fifty-five (55) days between the filing of the Indictment and Defendant's first appearance do not violate the 60 day rule. *As* indicated above, the thirty-six (36) days between Defendant's first appearance and Defendant's first scheduled continued arraignment is an unreasonable delay and is not good cause. For the reasons stated above, the seven (7) days between the first continued arraignment and Defendant's arraignment are good cause. Nonetheless, because more than sixty (60) days passed between the filing of the Indictment and Defendant's arraignment, and because there is not good cause shown for the entire duration of the violation of the 60 day rule, Defendant's Motion is GRANTED in part. *Rasauo*, 2011 Guam 14 ¶ 16. The Court finds that Defendant was not promptly arraigned pursuant to 8 GCA § 60.10(a); therefore, the Court is DISMISSING this case without prejudice.

**IT IS SO ORDERED** this 10th of February, 2012.

_____

**HONORABLE ELIZABETH BARRETT- ANDERSON**
Judge, Superior Court of Guam